STATE OF WEST VIRGINIA

FILED

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: G.L., L.L., & A.L.**

**No. 13-0559** (Kanawha County 10-JA-100, 12-JA-92, & 12-JA-93)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's April 26, 2013 order terminating her parental rights to the children, G.L., L.L., and A.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Jason S. Lord, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without granting her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2010, the DHHR filed its initial petition alleging drug abuse by the parents after the child, G.L., called the police because he could not wake his parents. According to the child, his father bought four pills and each parent took two, after which they passed out. Upon arriving at the home, paramedics found the parents unconscious with several needles in the home. The petition referenced a prior abuse and neglect proceeding from 2007 and further alleged that the parents forced the children to shoplift and engaged in extensive domestic violence. A preliminary hearing was held that same month. The circuit court held an adjudicatory hearing in July of 2010, and found petitioner to be an abusing parent. Petitioner thereafter filed a motion for a post-adjudicatory improvement period, and the circuit court granted this motion during a hearing in January of 2011. The circuit court ordered petitioner to (1) participate in parenting and adult life skills education, (2) complete a substance abuse evaluation, (3) complete a psychological evaluation, (4) attend family counseling, (5) submit to random drug screens, (6) provide the DHHR with a family budget, and (7) participate in supervised visitation.

During a review hearing in March of 2011, the circuit court found that petitioner had substantially complied with the terms of her improvement period and continued the same. The circuit court returned the children to their parents' physical custody. In July of 2011, the circuit court held an emergency hearing on a joint motion from the DHHR and the guardian ad litem

seeking removal of the children from petitioner's care. The circuit court denied the motion. In September of 2011, during a review hearing, the circuit court returned L.L. and A.L. to petitioner's legal custody and dismissed them from the proceedings. G.L. remained in the DHHR's legal custody because of medical issues that required him to be in placement so as to receive additional treatment. In March of 2012, the circuit court held a review hearing and continued petitioner's improvement period as to G.L.

In April of 2012, the DHHR filed an amended petition asking that L.L. and A.L. be removed from petitioner's home following her incarceration for shoplifting, her admission to having smoked marijuana, and her failure to participate in family therapy with G.L. Petitioner was incarcerated and waived the preliminary hearing in May of 2012. In August of 2012, the circuit court held an adjudicatory hearing, found the children to be abused and neglected, and found petitioner to be an abusing parent. Petitioner moved for a post-adjudicatory improvement period, and the circuit court denied the motion at the dispositional hearing in November of 2011. The circuit court terminated petitioner's parental rights to all three children and awarded her post-termination visitation at the children's discretion. It is from the order terminating her parental rights that petitioner appeals.

> The Court has previously established the following standard of review:
>
> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights without granting an additional improvement period. West Virginia Code § 49-6-12(b)(2) grants circuit courts discretion in granting post-adjudicatory improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that she would fully comply with the terms of a post-adjudicatory improvement period.

While it is true that petitioner previously participated in improvement periods and achieved reunification with L.L. and A.L., the record also shows that petitioner failed to

participate in family therapy with G.L. as directed. Further, the DHHR's amended petition followed petitioner's arrest and admission to drug abuse. These factors illustrate petitioner's failure to fully comply with the terms of her prior improvement period and support the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). For these reasons, the Court finds no error in the denial of petitioner's motion for a post-adjudicatory improvement period.

As to termination of petitioner's parental rights, the Court finds no error. The record contains substantial evidence in support of the circuit court's decision to terminate petitioner's parental rights, including petitioner's continued drug abuse, incarceration, and failure to comply with the terms of her improvement period. As the circuit court noted, petitioner "made only minimal efforts to rectify the circumstances that led to the filing of this [p]etition." Based upon this evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future and that termination was in the children's best interest. As set forth in West Virginia Code § 49-6-5(b)(3), such conditions exist in situations where an abusing parent has failed to follow through with a family case plan or other rehabilitative efforts designed to reduce or prevent abuse. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 26, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II